IN THE

## ·SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1836, IN THE TWENTY-
FIRST YEAR OF THE STATE.

---

## CAMMACK *v.* RUPERT and Another.

To·an action on a bond, a plea stating merely that the parties had agreed, by
a writing obligatory, that the bond should be discharged on certain condi-
tions, is insufficient.

ERROR to the *Vigo* Circuit Court.

*Monday,*
*November 28.*

DEWEY, J.—*Rupert et al.* declared in an action of debt
against *Cammack* on a single bond for the payment of a sum
of money.

*Cammack* pleaded in bar, that by a certain writing obligato-
ry made between himself of the first part, a certain *Robert
Kyle* of the second part, and *Rupert et al.* and other creditors
of *Cammack*, of the third part, it was agreed by *Rupert et al.*
and the other creditors of *Cammack*, that, in consideration of
the assignment by *Cammack* of all his right and interest in and
to a certain policy of insurance executed to *Cammack* by the

*Note.*—Judge *M'Kinney* was absent, in consequence of indisposition, during
the first week of the present term.

20

Protection Insurance Company of *Hartford, Connecticut,*—on which policy a suit was then pending in the *Jefferson* Circuit Court, *Kentucky,*—they would receive of said *Kyle* 50 cents in the dollar on the respective sums due them, provided an amount sufficient for that purpose should be recovered in the suit upon the policy; that it was also agreed between the three parties aforesaid, that if the suit should produce more than would pay to the creditors 50 cents in the dollar on their debts, that the overplus should go to said *Cammack;* and that it was further agreed, that if nothing should be recovered on the policy, so soon as that event should be known, *Cammack* should have it in his power to discharge himself from the debts enumerated in said writing obligatory, "by giving to the creditors therein named satisfactory security for the payment of 50 cents on each dollar due them." And the plea concludes with an averment that the debt on which the suit was founded, was one of those contained in the aforesaid writing obligatory.

To this plea there was a general demurrer. The Circuit Court sustained the demurrer, and rendered a judgment in favour of *Rupert et al.* for their debt and damages.

This judgment is correct. The plea does not profess to allege accord and satisfaction, or a release. It contains no averment of the result of the suit in the *Jefferson* Circuit Court— whether it be pending or whether it be decided. We know not whether any thing was recovered by *Kyle* in that suit; or whether if he failed to recover any thing, *Cammack* has given or attempted to give security to *Rupert et al.* for the payment of 50 cents on the dollar of their debt. Without determining whether the averments of these facts would make the plea good, there can be no doubt that without them it is bad.

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs.

*J. D. Taylor,* for the plaintiff.

*E. M. Huntington,* for the defendants.